ᴜiNAL

1  KAREN P. HEWITT
   United States Attorney
2  CARLA J. BRESSLER
   Assistant U.S. Attorney
3  California State Bar No. 134886
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6763

6  Attorneys for Plaintiff
   United States of America

7

8

9                   UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,      )    Criminal Case No. 07 CR2928 W
                                   )
12              Plaintiff,         )
                                   )
13         v.                      )    PLEA AGREEMENT
                                   )    (Pre-Indictment Fast-Track Program)
14  CHRISTOPHER GEORGE MILLER,     )
                                   )
15              Defendant.         )
                                   )
16  _____)

17       IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

18  AMERICA, through its counsel, Karen P. Hewitt, United States Attorney,

19  and Carla J. Bressler, Assistant United States Attorney, and

20  defendant, CHRISTOPHER GEORGE MILLER, with the advice and consent of

21  Linda Lopez, Federal Defenders of San Diego, Inc., counsel for

22  defendant, as follows:

23  //

24  //

25  //

26  //

27  //

28  CJB:es:10/16/07

FILED

NOV 19 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

15

Def. Initials _CMM_

## I

## THE PLEA

A.    <u>The Charge</u>.  Defendant agrees to waive Indictment and plead guilty to a single-count Information charging defendant with:

> On or about October 12, 2007, within the Southern District of California, defendant CHRISTOPHER GEORGE MILLER, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Yolanda Gomez-Rodriguez, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii) and Title 18, United States Code, Section 2.

B.    <u>Early Disposition (Fast-Track) Program</u>.  The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

C.    <u>Program Requirements</u>.  As part of this plea agreement, and as set forth in Section X A.5. below, the United States will move the Court to depart downward two offense levels under USSG § 5K3.1 provided defendant complies with the following early disposition (Fast-Track) program requirements, to which defendant specifically agrees:

1.    to waive indictment on or before the first preliminary hearing date;

2.    to stipulate in writing on or before the first preliminary hearing date that:

a.    the material witnesses:

//

Def. Initials CM
07CR 2928

1          (1)   are aliens with no lawful right to enter or

2  remain in the United States;

3          (2)   entered the United States illegally on or

4  about a date certain;

5          (3)   were found in a vehicle driven by defendant

6  and that defendant knew or acted in reckless disregard of the fact

7  that they were aliens with no lawful right to enter or remain in the

8  United States;

9          (4)   were paying or having others pay on their

10  behalf, to defendant or others to be brought into the United States

11  illegally and/or transported illegally to their destination therein;

12  and,

13          (5)   may be released and remanded immediately to

14  the Department of Homeland Security for return to their country of

15  origin.

16      (b)   after the material witnesses are ordered released

17  by the Court pursuant to this motion, if defendant does not plead

18  guilty to the charge described above, for any reason, or thereafter

19  withdraws his guilty plea to that charge, defendant agrees that in any

20  proceeding, including, but not limited to, motion hearings, trial,

21  sentencing, appeal or collateral attack, that:

22          (1)   the stipulated facts set forth in paragraph

23  c.(2)(a)(1)-(5) above shall be admitted as substantive evidence;

24          (2)   the United States may elicit hearsay

25  testimony from arresting agents regarding any statements made by the

26  material witness(es) provided in discovery, and such testimony shall

27  be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as

28  statements against interest of (an) unavailable witness(es); and,

Def. Initials _CM_

07CR 2928

3

1                    (3)   understanding   that   under   <u>Crawford   v.</u>

2   <u>Washington</u>, 124 S. Ct. 1354 (2004), "testimonial" hearsay statements

3   are not admissible against a defendant unless defendant confronted and

4   cross-examined the witness(es) who made the "testimonial" hearsay

5   statements, defendant waives the right to confront and cross-examine

6   the material witness(es) in this case.

7            3.   to execute and file a Waiver of Indictment and a

8   Stipulation of Fact and Joint Motion for Release of Material

9   Witness(es) at the first preliminary hearing date;

10           4.   to file or argue no substantive motions, including

11  those described in Fed. R. Crim. P. 12;

12           5.   to plead guilty to the charge **within 30 days** of

13  arraignment on the complaint initially filed against defendant;

14           6.   to waive the right to appeal or collaterally attack the

15  plea, conviction, or sentence; and,

16           7.   if defendant is illegally in the United States, to

17  stipulate and agree to an order of removal from the United States

18  entered by Executive Office for Immigration Review or authorized

19  Department of Homeland Security official, and unconditionally waives

20  all rights to appeal, reopen, or collaterally attack the order of

21  removal (<u>see</u> Section XI [<u>Defendant Waives Appeal and Collateral</u>

22  <u>Attack</u>] below).

23      D.   <u>Timeliness/Offer Revocation</u>.  The disposition contemplated

24  by this agreement is conditioned on (1) the original plea agreement

25  being signed by defendant and defense counsel and returned to

26  Government counsel not later than five business days before the

27  disposition date, and (2) the guilty plea being entered on or before

28  **November 14, 2007**.  Therefore, in the event that defendant seeks a

Def. Initials _CM_

4

07CR 2928

1  delay in the disposition in this case to a date beyond 30 days of

2  arraignment, or otherwise fails to comply with these timeliness

3  requirements, the United States may in its sole discretion revoke the

4  disposition offer contained in this plea agreement and seek

5  defendant's indictment on the underlying charge(s).

6     E.  No Prosecution on Mandatory Minimum Count.  In exchange for

7  defendant's guilty plea and sentencing on the single-count Information

8  and provided defendant complies fully with all terms of this plea

9  agreement, the Government agrees not to charge him with violating

10  8 U.S.C. § 1324(a)(2)(B)(ii), which, under the facts of this case,

11  carries a three-year mandatory minimum sentence.

12     F.  Forfeiture.  The defendant further agrees to the

13  administrative and/or civil forfeiture of all properties seized in

14  connection with this case which the defendant agrees are subject to

15  forfeiture to the United States pursuant to Title 8, United States

16  Code, Section 1324(b).  The defendant further waives his right to

17  receive timely notice of administrative forfeiture as set forth in 18

18  U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this

19  and all other administrative and civil proceedings.  Defendant

20  warrants and represents as a material fact that all property in which

21  he has any interest may be forfeited as described above.

22

23

24                                   II

25                        **NATURE OF THE OFFENSE**

26     A.  ELEMENTS EXPLAINED

27     Defendant understands that the offense to which defendant is

28  pleading guilty has the following elements:

Def. Initials
07CR

1. Defendant brought or attempted to bring the person specified in the count to the United States;

2. The person specified in the count was not a citizen of the United States and had not received prior official authorization to come to, enter or reside in the United States;

3. Defendant knew, or acted in reckless disregard of the fact that the person specified in the count had not received prior official authorization to come to, enter, or reside in the United States when the defendant brought, or attempted to bring, that person into the United States;

4. Defendant failed to bring and present the person specified in the count immediately upon arrival to an appropriate immigration officer at a designated port of entry; and,

5. Defendant acted with the intention of violating the immigration laws of the United States.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel.    Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea.    The following facts are true and undisputed:

1. On October 12, 2007, defendant made application for admission into the United States from Mexico via the San Ysidro, California Port of Entry, driving a burgundy 1997 Ford F150 pick up truck, bearing California license number 6G51916 (the "vehicle").

2. The vehicle contained an undocumented alien, namely, Yolanda Gomez-Rodriguez, who was concealed inside a non-factory compartment under the rear seat bench of the vehicle, from which she could not free herself.

3. Defendant knew or acted in reckless disregard of the fact that Yolanda Gomez-Rodriguez had not received prior official authorization to come to, enter, or reside in the United States.

4. Defendant failed to present Yolanda Gomez-Rodriguez, immediately upon arrival to an appropriate immigration officer at the San Ysidro, California Port of Entry.

Def. Initials
07CR 2928

5.  The material witness was having others pay on her behalf $3,000 to others to be brought into the United States illegally and/or transported illegally to her destination therein.

6.  Defendant committed the above acts with the intention of violating United States immigration laws.

### III

### PENALTIES

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

A.  a maximum 10 years in prison;

B.  a maximum $250,000.00 fine;

C.  a mandatory special assessment of $100.00 per count; and

D.  a term of supervised release of 3 years.   Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison all or part of the term of supervised release.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A.  continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  a speedy and public trial by jury;

C.  the assistance of counsel at all stages of trial;

D.  confront and cross-examine adverse witnesses;

E.  present evidence and to have witnesses testify on behalf of defendant; and,

F.  not testify or have any adverse inferences drawn from the failure to testify.

//

//

//

Def. Initials _CMm_
07CR 2928

7

V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea;

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.   No one has threatened defendant or defendant's family to induce this guilty plea; and,

Def. Initials _Om_
07CR 2925

8

D.   Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government have had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

Def. Initials _CM_
07CR 2928

# IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea.

# X

## PARTIES' SENTENCING RECOMMENDATIONS

A.    SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable):

//

//

//

Def. Initials _____

07CR _____

|   | 1. | Base Offense Level [USSG § 2L1.1(a)(3)] | 12 |
|---|----|------|----|
|   | 2. | Prior Immigration Felony [USSG § 2L1.1(b)(3)] | 0* |
|   | 3. | Substantial Risk [USSG § 2L1.1(b)(6)]<br>(Increase by 2 levels, but if the resulting<br>offense level is less than level 18,<br>increase to level 18) | 18 |
|   | 4. | Acceptance of Responsibility [USSG § 3E1.1] | -3 |
|   | 5. | Departure for Fast Track [USSG § 5K3.1] | -2 |
|   |    | **Total Offense Level** | **13** |

**\*There is no agreement regarding defendant's criminal history category. However, if defendant has previously sustained a conviction for a felony immigration and naturalization offense, the parties will recommend a +2 adjustment, pursuant to USSG 2L1.1(b)(3)(A). If defendant has previously sustained two or more such felony immigration convictions, the parties will recommend a +4 adjustment, pursuant to USSG 2L1.1(b)(3)(B).**

B.    <u>ACCEPTANCE OF RESPONSIBILITY</u>

Notwithstanding paragraph A.4 above, the Government will <u>not</u> recommend any adjustment for <u>Acceptance of Responsibility</u> if defendant:

1.    Fails to admit a complete factual basis for the plea at the time it is entered, or

2.    Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer, or

3.    Fails to appear in court, or

4.    Engages in additional criminal conduct, or

5.    Attempts to withdraw the plea, or

6.    Refuses to abide by any lawful court order.

Def. Initials _Om_
07CR 2928

     7.    Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

C.    <u>ADJUSTMENTS AND SENTENCE REDUCTIONS UNDER 18 U.S.C. § 3553</u>

The parties agree that defendant may request additional downward adjustments and sentence reductions under 18 U.S.C. § 3553 and that the Government will oppose any downward adjustments and sentence reductions not set forth above.

D.    <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **no** agreement as to defendant's Criminal History Category.

E.    <u>DEPARTURES AND SENTENCE REDUCTIONS UNDER 18 U.S.C. § 3553</u>

The parties agree that defendant may request additional downward departures, including criminal history departures under USSG § 4A1.3., and sentence reductions under 18 U.S.C. § 3553 and that the Government will oppose any downward departures or sentence reductions not set forth above.

F.    <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

G.    <u>PARTIES' RECOMMENDATIONS REGARDING CUSTODY</u>

The parties agree that the Government will recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the Government pursuant to this agreement. However, if the Court adopts an offense level or downward adjustment or departure below the Government's recommendations in this plea agreement, the Government will recommend a sentence as near as

Def. Initials _CM_
07CR 2928

12

1  possible to what the sentence would have been if the Government's
2  recommendations had been followed.
3      H.    SPECIAL ASSESSMENT
4      The parties will jointly recommend that defendant pay a special
5  assessment in the amount of $100.00 to be paid forthwith at time of
6  sentencing.  The special assessment shall be paid through the office
7  of the Clerk of the District Court by bank or cashier's check or money
8  order made payable to the "Clerk, United States District Court."
9      I.    STIPULATED REMOVAL
10     If defendant is not a United States citizen or national, either
11 before or immediately following sentencing, defendant agrees to an
12 order of removal from the United States entered by Executive Office
13 for Immigration Review or authorized Department of Homeland Security
14 official.  Defendant understands that defendant will not be removed
15 until defendant has served any criminal sentence imposed in this or
16 any other case.  Defendant further waives any right to appeal, reopen
17 or challenge the removal order.

18                              **XI**

19          **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

20     In  exchange  for  the  Government's  concessions  in  this  plea
21 agreement, defendant waives, to the full extent of the law, any right
22 to  appeal  or  to  collaterally  attack  the  conviction  and  sentence,
23 including any restitution order, unless the Court imposes a custodial
24 sentence above the greater of the high end of the guideline range
25 recommended by the Government pursuant to this agreement at the time
26 of sentencing or statutory mandatory minimum term, if applicable. If
27 the custodial sentence is greater than the high end of that range, the
28 defendant may appeal,  but the Government will be free to support on

                                    Def. Initials _C/m_
                  13                 07CR 2928

1   appeal the sentence actually imposed.    If defendant believes the

2   Government's recommendation is not in accord with this agreement,

3   defendant will object at the time of sentencing; otherwise the

4   objection will be deemed waived.

5        If defendant breaches this plea agreement, at any time, by

6   appealing or collaterally attacking the conviction or sentence, in any

7   way, the Government may prosecute defendant for any counts, including

8   those with mandatory minimum sentences, dismissed or not charged

9   pursuant to this plea agreement.  Additionally, the Government may use

10  any factual admissions made by defendant pursuant to this plea

11  agreement in any such prosecution.

12                                    XII

13  **CRIMES AFTER ARREST OR BREACH OF THE AGREEMENT WILL PERMIT**
    **THE GOVERNMENT TO RECOMMEND A HIGHER SENTENCE OR SET ASIDE**
14  **THE PLEA**

15       This plea agreement is based on the understanding that, prior to

16  defendant's sentencing in this case, defendant has not committed or

17  been arrested for any offense not known to the Government prior to

18  defendant's sentencing.  This plea agreement is further based on the

19  understanding that defendant has committed no criminal conduct since

20  defendant's arrest on the present charges, and that defendant will

21  commit no additional criminal conduct before sentencing.  If defendant

22  has engaged in or engages in additional criminal conduct during this

23  period, or breaches any of the terms of any agreement with the

24  Government, the Government will not be bound by the recommendations

25  in this plea agreement, and may recommend any lawful sentence.    In

26  addition, at its option, the Government may move to set aside the

27  plea.

28  //

                                    14

07CR
07CR2928

XIII

ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

XIV

MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

XV

DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language).  Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

XVI

DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

KAREN P. HEWITT
United States Attorney

11-15-07
_____
DATED

C N B
_____
CARLA J. BRESSLER
Assistant U.S. Attorney

11/14/07
_____
DATED

_____
LINDA LOPEZ
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

11/14/07
_____
DATED

_____
CHRISTOPHER GEORGE MILLER
Defendant

Def. Initials CM
07CR 2928